No. 2025-152

# United States Court of Appeals
## for the Federal Circuit

IN RE: SANDISK TECHNOLOGIES, INC., WESTERN DIGITAL TECHNOLOGIES, INC.,

*Petitioners*

On Petition for a Writ of Mandamus
to the United States Patent and Trademark Office, Patent Trial and Appeal Board
in Nos. IPR2025-00515, IPR2025-00516 and IPR2025-00517

## POLARIS POWERLED TECHNOLOGIES, LLC'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Robert F. Kramer
David L. Alberti
KRAMER ALBERTI LIM & TONKOVICH LLP
950 Tower Lane, Suite 1725
Foster City, CA 94404
(650) 825-4300

William H. Milliken
STERNE KESSLER GOLDSTEIN & FOX PLLC
1101 K Street, NW
Floor 10
Washington, DC 20005
(202) 371-2600

*Counsel for Respondent*
*Polaris PowerLED Technologies, LLC*

October 16, 2025

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-152

**Short Case Caption** In re: SanDisk Technologies, Inc.

**Filing Party/Entity** Polaris PowerLED Technologies, LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/25/2025

Signature: /s/ William H. Milliken

Name: William H. Milliken

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Polaris PowerLED Technologies, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable              ☐   Additional pages attached

| | | |
|---|---|---|
| Sal Lim<br>Kramer Alberti Lim & Tonkovich LLP | Aidan Brewster<br>Kramer Alberti Lim & Tonkovich LLP | Michael D. Specht<br>Sterne, Kessler, Goldstein & Fox P.L.L.C. |
| Larry McDonough<br>Kramer Alberti Lim & Tonkovich LLP | Jason A. Fitzsimmons<br>Sterne, Kessler, Goldstein & Fox P.L.L.C. | Tyler Dutton<br>Sterne, Kessler, Goldstein & Fox P.L.L.C. |
| Andrew G. Hamill<br>Kramer Alberti Lim & Tonkovich LLP | Richard M. Bemben<br>Sterne, Kessler, Goldstein & Fox P.L.L.C. | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)     ☐   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable              ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................1

JURISDICTIONAL STATEMENT ...........................................................2

STATEMENT OF THE CASE ....................................................................2

I.     PRECEDENT AND GUIDANCE ON DISCRETIONARY DENIAL...................2

II.    PROCEDURAL HISTORY ................................................................4

ARGUMENT ...............................................................................................7

I.     SECTION 314(D) BARS PETITIONERS' STATUTORY ARGUMENTS ......7

II.    PETITIONERS' CONSTITUTIONAL CLAIMS ARE BOTH FORFEITED AND
MERITLESS .................................................................................10

    A.   Petitioners forfeited their constitutional attacks on the "settled
expectations" criterion by not raising them before the agency...........11

    B.   Petitioners fail to show a clear and indisputable violation of the
Due Process Clause or separation of powers principles. ...................12

        1.   Petitioners' separation of powers argument fails......................12

        2.   Petitioners' due process argument fails. ...................................13

III.   PETITIONERS CANNOT SATISFY THE REMAINING MANDAMUS FACTORS ..........21

    A.   Petitioners have alternative means of relief ........................................21

    B.   Mandamus relief is inappropriate under the circumstances................21

CONCLUSION ...........................................................................................24

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alberico v. United States*,
783 F.2d 1024 (Fed. Cir. 1986) ........................................................................20

*Allied Chemical Corp. v. Daiflon, Inc.*,
449 U.S. 33 (1980) ..........................................................................................18

*American Manufacturers Mutual Insurance Co. v. Sullivan*,
526 U.S. 40 (1999) ..........................................................................................17

*Anthony Inc. v. Controltec, LLC*, No. IPR2025-00559, Paper 12
(P.T.A.B. July 16, 2025) ................................................................................19

*Anthony Inc. v. Controltec, LLC*, No. IPR2025-00559, Paper 13
(P.T.A.B. Aug. 25, 2025) ...............................................................................20

*Apple Inc. v. Fintiv, Inc.*,
No. IPR2020-00019, 2020 WL 2126495 (P.T.A.B. Mar. 20, 2020) ...........4, 5, 6

*Apple Inc. v. Vidal*,
63 F.4th 1 (Fed. Cir. 2023) ........................................................................*passim*

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
941 F.3d 1320 (Fed. Cir. 2019), *vacated on other grounds*, *United
States v. Arthrex, Inc.*, 594 U.S. 1 (2021) ......................................................11

*Becton, Dickinson & Co. v. B. Braun Melsungen AG*,
No. IPR2017-01586, Paper 8 (P.T.A.B. Dec. 15, 2017) ....................................3

*Bloch v. Powell*,
348 F.3d 1060 (D.C. Cir. 2003) ........................................................................17

*Cheney v. U.S. District Court for the District of Columbia*,
542 U.S. 367 (2004).....................................................................................2, 21

*Cleveland Board of Education v. Loudermill*,
470 U.S. 532 (1985)...........................................................................................20

ii

*Cuozzo Speed Technologies v. Lee*,
    579 U.S. 261 (2016)...................................................................*passim*

*Dalton v. Specter*,
    511 U.S. 462 (1994).....................................................................8, 12

*In re DBC*,
    545 F.3d 1373 (Fed. Cir. 2008) ........................................................11

*Embody, Inc. v. LifeNet Health*,
    No. IPR2025-00248, Paper 13 (P.T.A.B. June 26, 2025) ...................19

*Embody, Inc. v. LifeNet Health*,
    No. IPR2025-00248, Paper 14 (P.T.A.B. Aug. 5, 2025)....................19

*FCC v. Fox Television Stations, Inc.*,
    556 U.S. 502 (2009)..........................................................................6

*Food & Drug Administration v. Wages & White Lion Investments,
    LLC*,
    145 S. Ct. 898 (2025)........................................................................6

*Freytag v. Commissioner of Internal Revenue*,
    501 U.S. 868 (1991) ........................................................................12

*General Plastic Industrial Co. v. Canon Kabushiki Kaisha*,
    No. IPR2016-01357, 2017 WL 3917706 (P.T.A.B. Sept. 6, 2017) ....................3

*GPX International Tire Corp. v. United States*,
    780 F.3d 1136 (Fed. Cir. 2015) ........................................................13

*Heckler v. Chaney*,
    470 U.S. 821 (1985)..........................................................................23

*Interstate Commerce Commission v. Brotherhood of Locomotive
    Engineers*,
    482 U.S. 270 (1987)..........................................................................19

*Landgraf v. USI Film Products*,
    511 U.S. 244 (1994)....................................................................14, 15

*In re Miller*,
    828 F. App'x 717 (Fed. Cir. 2020) ..................................................18

iii

*Mylan Laboratories Ltd. v. Janssen Pharmaceutica, N.V.*,
  989 F.3d 1375 (Fed. Cir. 2021) .................................................................*passim*

*Nintendo Co. v. Resonant Sys., Inc.*,
  No. IPR2025-00680, Paper 18 (P.T.A.B. Aug. 14, 2025)...................................19

*Nintendo Co. v. Resonant Sys., Inc.*,
  No. IPR2025-00680, Paper 21 (P.T.A.B. Oct. 3, 2025) ....................................19

*Patlex Corp. v. Mossinghoff*,
  758 F.2d 594 (Fed. Cir. 1985) ........................................................................16

*Pension Benefit Guaramty Corp. v. R.A. Gray & Co.*,
  467 U.S. 717 (1984).........................................................................................13

*Polaris PowerLED Techs., LLC v. Western Digital Corp.*,
  No. 2:24-cv-02864, Dkt. 68 (C.D. Cal.) ...........................................................5

*Princess Cruises, Inc. v. United States*,
  397 F.3d 1358 (Fed. Cir. 2005) ...............................................................14, 15

*Rodriguez v. Peake*,
  511 F.3d 1147 (Fed. Cir. 2008) .......................................................................15

*Stern v. Marshall*,
  564 U.S. 462 (2011).........................................................................................12

*In re Synthes (U.S.A.)*,
  346 F. App'x 583 (Fed. Cir. 2009) ..................................................................18

*Town of Castle Rock v. Gonzales*,
  545 U.S. 748 (2005).........................................................................................17

*Trump v. Hawaii*,
  585 U.S. 667 (2018).........................................................................................13

*Valve Corp. v. Electronic Scripting Products, Inc.*,
  No. IPR2019-00062, Paper 11 (P.T.A.B. April 2, 2019) ...................................3

**Statutes**

5 U.S.C. § 701(a)(2).........................................................................................1, 23

28 U.S.C. § 1651(a) ................................................................2

35 U.S.C. § 314(a) ................................................................3

35 U.S.C. § 314(d) ..........................................................*passim*

35 U.S.C. § 315 ....................................................................2

35 U.S.C. § 315(e) ..............................................................16

35 U.S.C. § 325(d) ................................................................3

**Other Authorities**

U.S. Constitution amend. V ................................................17

## INTRODUCTION

A single sentence from the Supreme Court's *Cuozzo* decision resolves this mandamus proceeding: "the agency's decision to deny [an IPR] petition is a matter committed to the Patent Office's discretion." *Cuozzo Speed Techs. v. Lee*, 579 U.S. 261, 273 (2016). Such a decision is "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), and therefore unreviewable. *Cuozzo*, 579 U.S. at 273; *accord Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021). In other words, because the applicable statutes do not "compel[]" the Director to institute an IPR in *any* circumstance, Petitioners cannot show that the agency clearly and indisputably violated any statute by declining to institute the IPRs at issue here. *Mylan*, 989 F.3d at 1382. Petitioners' APA- and AIA-based arguments are thus nonstarters in the mandamus posture. *See id.*

For similar reasons, Petitioners do not come close to showing a clear and indisputable constitutional violation. Because the decision to deny institution is "committed to agency discretion by law," Petitioners have no right—constitutional or otherwise—to institution of an IPR, or to consideration of their IPR petitions under any particular set of discretionary criteria. *See id.* On top of that, even if Petitioners *had* a constitutionally protected right at stake, they received everything the Due Process Clause requires: notice and an opportunity to be heard. Petitioners were permitted to, and did, brief their discretionary denial arguments in light of the

1

agency's current guidance on IPR institution. And, if all that were not enough, Petitioners forfeited their constitutional arguments by failing to raise them below.

Nor can Petitioners satisfy the other criteria for mandamus relief. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 379–81 (2004). Petitioners have alternative avenues of relief; they are free to challenge the patents at issue in other fora. And Petitioners' contention (at 37) that mandamus is "appropriate" because its petition presents "basic, undecided questions regarding the USPTO's authority" defies not one but two layers of binding precedent. Petitioners may disagree with *Cuozzo* and *Mylan*, but they are the law.

At bottom, Petitioners simply ask the judiciary to substitute its judgment for the PTO's in deciding how the agency should decide which IPR petitions to institute. But those sorts of resource-allocation decisions are the PTO's to make. *See Mylan*, 989 F.3d at 1382. The petition should be denied.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under the All Writs Act "to consider [a] request for mandamus" relief. *Mylan* 989 F.3d at 1381; *see also* 28 U.S.C. § 1651(a).

## STATEMENT OF THE CASE

### I.   PRECEDENT AND GUIDANCE ON DISCRETIONARY DENIAL

Congress established various circumstances in which institution of an IPR is precluded. *E.g.*, 35 U.S.C. § 315. But it specified no circumstances where

2

institution is required. *See id.* § 314(a); *Cuozzo*, 579 U.S. at 273; *Mylan*, 989 F.3d at 1382.[1] Congress further provided that the agency's determination not to institute an IPR is "final and nonappealable." 35 U.S.C. § 314(d). In short, "[t]he Director is permitted, but never compelled, to institute an IPR"; "no petitioner has a right to … institution"; and judicial review of an institution denial is unavailable in the absence of a "colorable constitutional claim[]." *Mylan*, 989 F.3d at 1382.

Over the years, Directors have set out various criteria for the agency to use in employing its discretionary authority over IPR institution. *See, e.g., General Plastic Indus. Co. v. Canon Kabushiki Kaisha*, No. IPR2016-01357, 2017 WL 3917706 (P.T.A.B. Sept. 6, 2017) (precedential) (discussing discretionary factors for multiple IPR petitions); *Valve Corp. v. Elec. Scripting Prods., Inc.*, No. IPR2019-00062, Paper 11 (P.T.A.B. April 2, 2019) (precedential) (applying *General Plastic* factors to different petitioners); *Becton, Dickinson & Co. v. B. Braun Melsungen AG* (precedential), No. IPR2017-01586, Paper 8 (discussing non-exclusive factors considered in applying 35 U.S.C. § 325(d)). For example, because IPR proceedings often coincide with parallel district court litigation, Directors have instructed the Board to consider a non-exhaustive list of factors to

---

[1] It is not just "[t]he USPTO" that "invokes § 314(a) as the source of the Director's discretion," Pet. 28. *Cuozzo* itself cited § 314(a) for the proposition that the agency has "no mandate to institute review." 579 U.S. at 273.

3

determine whether IPR of a patent also asserted in district court is an appropriate use of the agency's resources. These factors, set forth in *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, 2020 WL 2126495 (P.T.A.B. Mar. 20, 2020) (precedential), instruct the Board to take "a holistic view of whether efficiency and integrity of the system are best served by denying or instituting review." *Id.* at *3.

In March 2025, then-Acting Director Stewart issued a memorandum entitled "Interim Processes for PTAB Workload Management" ("Director Memo") that, among other things, sets forth additional factors for the agency to consider in determining whether to institute AIA proceedings, including IPRs. Appx61–63. One such factor—the focus of the present petition—is the "[s]ettled expectations of the parties, such as the length of time the claims have been in force." Appx62. The Director Memo's guidance "aim[s] to improve PTAB efficiency, maintain PTAB capacity to conduct AIA proceedings, reduce pendency in *ex parte* appeals, and promote consistent application of discretionary considerations in the institution of AIA proceedings." Appx63.

## II.    PROCEDURAL HISTORY

In April 2024, Respondent Polaris PowerLED Technologies, LLC ("Polaris") sued Petitioners for infringement, asserting three patents concerning flash memory systems. In January 2025, Petitioners filed three IPRs, one for each of the three asserted patents. The district court then stayed the case pending

4

conclusion of all IPR proceedings. Order Granting Defendants' Motion to Stay, *Polaris PowerLED Techs., LLC v. Western Digital Corp.*, No. 2:24-cv-02864, Dkt. 68 (C.D. Cal.).

After the Director Memo issued, the parties submitted voluminous briefing (including opening briefs, responses, replies, and sur-replies) on discretionary denial issues. *See* Appx160–247; Appx405–492; Appx588–695. Both parties addressed the *Fintiv* factors and the additional considerations provided in the Director Memo, including settled expectations. Petitioners, for their part, affirmatively engaged with the settled expectations factor, arguing that Polaris lacked any settled expectations in the validity of the patents because the patents were assigned to Polaris only "three years ago" and Polaris had not attempted to "engage[] with Petitioner[s] for licensing discussions." Appx218–219; Appx242–243; Appx463–464; Appx487–488; Appx662–663; Appx689–690.

Petitioners also asked the Acting Director to "maintain the standards for institution that were in place" when the IPR petitions were filed, contending that the new guidance should have gone through notice-and-comment rulemaking, was too "broad and vague," and was unwise as a matter of policy. Appx223–226; Appx468–471; Appx667–670. Petitioners stated in passing that "[t]he Director's justification for these announcements" (i.e., the Director Memo and accompanying communications regarding it) fell "short of statutory and constitutional

5

obligations." Appx225; Appx469; Appx668. But the cases Petitioners cited rest on *statutory*—not constitutional—grounds. *See id.* (citing *Food & Drug Admin. v. Wages & White Lion Invs., LLC*, 604 U.S. 542, 548 (2025); *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009)). Petitioners neither identified any specific alleged constitutional violation nor challenged the "settled expectations" criterion on constitutional grounds.

Acting Director Stewart denied institution of the three IPRs. Appx3. She concluded that, based on "the parties' arguments and the record, and in view of all relevant considerations, discretionary denial of institution is appropriate." Appx2.

Specifically, the Acting Director found that, although "some considerations counsel[ed] against discretionary denial"—such as the stay of the district court case—others "favor[ed] discretionary denial." *Id.*[2] "For example, the challenged patents have been in force for approximately nine, twelve, and twelve years, creating strong settled expectations." *Id.* And Petitioners failed to "provide any persuasive reasoning why an *inter partes* review is an appropriate use of Board resources." *Id.* "In the absence of any such information," the Acting Director stated, "the Office is disinclined to disturb the settled expectations of Patent

---

[2] The Acting Director did *not* say that "the *Fintiv* inquiry *supported* institution." *Contra* Pet. 16. She stated that *one Fintiv* factor "counseled against discretionary denial." Appx2.

6

Owner." *Id.* She emphasized that, "[a]lthough certain arguments" were "highlighted" in the decision, her determination was "based on a holistic assessment of all of the evidence and arguments presented." *Id.*

This mandamus proceeding followed.

## ARGUMENT

### I. SECTION 314(D) BARS PETITIONERS' STATUTORY ARGUMENTS.

A.    Petitioners' arguments (at 18–31) that the Acting Director's institution denials violated the APA and AIA fail right out of the gate. *Mylan* is clear beyond doubt: "there is no reviewability of the Director's exercise of his discretion to deny institution except for colorable constitutional claims." 989 F.3d at 1382. Petitioners' APA and AIA arguments are statutory, not constitutional, and therefore are not cognizable on mandamus under this Court's precedent.

*Mylan* follows directly from the Supreme Court's holding in *Cuozzo* that the "decision to deny a petition [for IPR] is a matter committed to the Patent Office's discretion." 579 U.S. at 273. Given that discretion, "no petitioner has a right to … institution." *Mylan*, 989 F.3d at 1382. That fact, in combination with § 314(d)'s "prohibition on appeal of such decisions," means the mandamus standard is exceedingly "difficult to satisfy" if the petitioner "challenges a decision denying institution." *Id.* In particular, ultra vires or other statutory arguments "cannot be a basis for granting" mandamus from an institution denial. *Id.* at 1382–83.

These principles foreclose Petitioners' arguments insofar as they raise claims regarding statutory requirements, including the APA or AIA. And that goes as well for Petitioners' purported "separation of powers" argument (at 25–31), which is simply another name for Petitioners' contention that the Acting Director's actions here were inconsistent with the AIA. *Mylan* may permit constitutional claims regarding the agency's non-institution decisions in the mandamus context, but it does not permit "run-of-the-mill statutory interpretation" questions disguised as constitutional violations. *Apple Inc. v. Vidal*, 63 F.4th 1, 13 (Fed. Cir. 2023); *see also Dalton v. Specter*, 511 U.S. 462, 473 (1994) (claims alleging that an official has "exceeded his statutory authority are not 'constitutional' claims").

Therefore, Petitioners' arguments (at 18–21)—echoed by certain amici—that the agency "violated the APA by retroactively applying the 'settled expectations' rule without authority or reasoned decisionmaking" necessarily fail. Petitioners' arguments (at 25–31)—echoed by certain amici—that the agency "exceeded its authority … by inventing an IPR institution criterion untethered to the AIA" likewise fail. So too do Petitioners' arguments (at 21–25)—also echoed by amici—that the agency "violated the APA and AIA by imposing a limitation on institution without notice-and-comment rulemaking." These are statutory arguments and thus are not cognizable in the mandamus context.

Petitioners' attempts to avoid *Mylan* should be rejected out of hand. *Mylan* did, indeed, "squarely decide[]" that statutory attacks on institution denials are not cognizable on mandamus. *Contra* Pet. 26; *see Mylan*, 989 F.3d at 1382. While the *Mylan* Court did not "explore the outer contours of possibility" for mandamus, *see* Pet. 33, it laid to rest all doubt about one thing: "there is no reviewability of the Director's exercise of his discretion to deny institution except for colorable constitutional claims." *Mylan*, 989 F.3d at 1382. What is more, in the very sentence quoted by Petitioners, the Court emphasized that "it is difficult to imagine a mandamus petition that challenges a denial of institution and identifies a clear and indisputable right to relief." *Id.* Petitioners' dissatisfaction with Mylan's briefing in that case, *see* Pet. 33, cannot change what the *Mylan* Court held.[3]

B.     Even setting *Mylan* aside, Petitioners' statutory arguments fail on their own terms. This Court has held that § 314(d) precludes arguments challenging the contents of the Director's guidance about how the Patent Office will implement the Director's discretion regarding institution. *See Apple*, 63 F.4th at 13 (APA challenges to "the instructions given by the Director to the Board" are barred by § 314(d)). Section 314(d) likewise bars challenges to the way in which the Director

---

[3] It is also far from clear that the Court could "revisit" *Mylan*'s holding even if it wanted to, *contra* Pet. 36, since that holding is a direct application of *Cuozzo*.

9

has exercised his or her discretion in any particular case. *See id.* Here, Petitioners challenge the substance of the Director Memo—i.e., the contents of instructions regarding how the discretion to deny IPR petitions will be exercised—and the Acting Director's application of that guidance in three particular cases. Under *Apple*, such challenges are barred by § 314(d) (even setting aside their procedural impropriety in the mandamus posture).

Petitioners' argument (at 21–25) that the agency was required to utilize notice-and-comment rulemaking to implement the discretionary considerations at issue here is likewise misplaced. Arguments of this sort may be raised only through a district court action, and only to seek "prospective relief," as opposed to relief in connection with any prior institution decision. *Apple*, 63 F.4th at 10, 14–17. Petitioners' notice-and-comment argument here is thus directed to the wrong court and seeks the wrong relief.

## II.    PETITIONERS' CONSTITUTIONAL CLAIMS ARE BOTH FORFEITED AND FATALLY FLAWED.

Petitioners' due process and separation of powers arguments—while theoretically cognizable on mandamus—fail for two reasons. *First*, Petitioners forfeited these arguments by failing to raise them to the agency. *Second*, on the merits, Petitioners do not come close to showing a clear and indisputable violation of a constitutional right.

**A.     Petitioners forfeited their constitutional attacks on the "settled expectations" criterion by not raising them before the agency.**

"It is well-established that a party generally may not challenge an agency decision on a basis that was not presented to the agency." *In re DBC*, 545 F.3d 1373, 1378 (Fed. Cir. 2008). This rule applies to constitutional challenges. *Id.*

Here, Petitioners filed six separate briefs on discretionary denial in which they could have raised a constitutional challenge. Petitioners did not do so. Instead, they affirmatively argued under the framework set forth in the Director Memo. And, while Petitioners contended that the Director Memo should not apply to proceedings initiated prior to its issuance, Petitioners' arguments rested exclusively on statutory and policy rationales. *Supra* Statement of the Case. For this reason alone, the Court should reject Petitioners' constitutional arguments.

While the Court has discretion to consider arguments raised below, it should decline to exercise that discretion here. This Court sometimes excuses forfeiture in cases where "the Board could not have corrected" the asserted problem, but it has applied forfeiture principles strictly where the agency "could have corrected the [alleged] Constitutional infirmity" had a litigant timely raised the issue. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1327 (Fed. Cir. 2019) (discussing *DBC*, 545 F.3d at 1380), *vacated on other grounds*, *United States v. Arthrex, Inc.*, 594 U.S. 1 (2021). Here, Petitioners' constitutional complaints concern the Acting

11

Director's exercise of discretionary denial authority. That is something the agency could have addressed had Petitioners timely raised these issues before the agency.

In short, if Petitioners believed that application of the "settled expectations" criterion in this case violated their constitutional rights, they could have—and should have—said as much below. The Court should not permit litigants to hold these sorts of argument in reserve until they find out whether the agency's decision is unfavorable. *See Stern v. Marshall*, 564 U.S. 462, 481–82 (2011); *Freytag v. C.I.R.*, 501 U.S. 868, 895 (1991) (Scalia, J., concurring).

### B.    Petitioners fail to show a clear and indisputable violation of the Due Process Clause or separation of powers principles.

In any event, Petitioners' contentions that the Acting Director violated the Constitution in exercising her discretion to deny these IPR petitions lack merit.

#### 1.    Petitioners' separation of powers argument fails.

Petitioners' separation of powers argument, as already explained, is merely a statutory argument dressed in constitutional clothing. It fails for that reason alone. Petitioners assert that the Acting Director's actions here were inconsistent with the AIA and the APA. But claims alleging that an official has "exceeded his statutory authority are not 'constitutional' claims." *Dalton*, 511 U.S. at 473. And Petitioners' statutory arguments are not cognizable on mandamus. *Supra* Section I.

### 2.    Petitioners' due process argument fails.

a.    Petitioners' due process argument—which principally invokes

retroactivity and reliance principles—is plagued with similar issues. Petitioners

conflate the concepts of *constitutionally* impermissible retroactivity and *statutorily*

impermissible retroactivity. In addressing the former issue—that is, the question

whether the Due Process Clause is offended by retroactive application of a statute

or regulation—courts apply rational basis review. One of the very cases Petitioners

cite, *GPX International Tire Corp. v. United States*, 780 F.3d 1136 (Fed. Cir.

2015), makes this point: "due process is satisfied 'simply by showing that the

retroactive application of the legislation is itself justified by a rational legislative

purpose.'" *Id.* at 1141 (quoting *Pension Benefit Guar. Corp. v. R.A. Gray & Co.*,

467 U.S. 717, 730 (1984)). Petitioners cite *GPX* (at 17) for the proposition that the

constitutional retroactivity analysis does not "depend[] upon a determination that a

vested right exists." But Petitioners do not acknowledge the standard that *does*

apply to such challenges: rational basis review.

Under the "deferential" rational basis standard, "'it will be a rare

circumstance'" where retroactive application of a law or agency action "will be

held unconstitutional under the Due Process Clause.'" *GPX*, 780 F.3d at 1141.

Indeed, Petitioners do not even attempt to surmount this demanding hurdle. *Cf.*

*Trump v. Hawaii*, 585 U.S. 667, 705 (2018) (Supreme Court "hardly ever strikes

13

down a policy as illegitimate under rational basis scrutiny."). To the extent Petitioners mean to raise a constitutional retroactivity argument, it therefore fails.

Rather than attempting to show that the agency actions here lacked a rational basis, Petitioners base their arguments on the considerations applicable to a *statutory* retroactively analysis—i.e., the question whether a statute authorizes retroactive application of the statute itself or of a rule promulgated pursuant to that statute. For example, Petitioners heavily rely (at 13–17) on the retroactivity framework applied in *Princess Cruises, Inc. v. United States*, 397 F.3d 1358 (Fed. Cir. 2005). That case considered whether an agency's retroactive application of a rule was permitted by the governing statute; the Court did not even mention due process. *See generally id.* To the extent Petitioners raise *statutory* retroactivity arguments, those arguments are unreviewable on mandamus. *Supra* Section I.

At any rate, the statutory arguments fail on their own terms. A "retroactive" rule is one that "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). Here, the Director Memo was not applied retroactively in the first place. No decision had been issued on any of the petitions when the Director Memo issued, and Petitioners were able to—and did—brief discretionary denial under the Director Memo's

framework. So any application of the Director Memo was prospective.[4]

Even assuming the Director Memo *was* applied retroactively, Petitioners have not shown any right to relief. The retroactivity analysis examines "not merely whether a change has occurred," but "the *nature and extent* of the change in the law," as well as "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Rodriguez v. Peake*, 511 F.3d 1147, 1153 (Fed. Cir. 2008) (quoting *Princess Cruises*, 397 F.3d at 1362–63; *Landgraf*, 511 U.S. at 270). The challenged actions here did not affect any of Petitioners' rights. IPR petitioners never have a right to institution, let alone a right to application of any particular discretionary criteria regarding institution. The statute contains no such criteria and the agency is "never compelled[] to institute an IPR." *Mylan*, 989 F.3d at 1382; *contra* Pet. 15 (incorrectly stating that the "settled expectations" criterion amounts to a "change in law").

The institution decisions do not alter Petitioners' substantive rights or obligations. Those decisions neither invalidate the challenged patents nor preclude Petitioners from challenging the patents' validity elsewhere. Petitioners may prefer

---

[4] Notably, the PTO's June 2022 memorandum on discretionary denial issues issued by then-Director Vidal (cited at Pet. 7–8) ("Vidal Memo") likewise "applie[d] to all proceedings pending before the Office" as of the issuance of the memorandum. Appx25. Yet Petitioners do not suggest that there was any retroactivity problem with the Vidal Memo.

to challenge the patents through IPR rather than in district court, but the institution or non-institution of IPR does not impose any substantive legal consequences on Petitioners' conduct—past, present, or future. For example, denial of institution creates no estoppel that would limit Petitioners' ability to argue invalidity in district court. *See* 35 U.S.C. § 315(e). Tellingly, Petitioners cite to no cases where statutes or rules have created a property interest in procedures for challenging patent validity. This Court's precedent confirms no such interest exists. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 605 (Fed. Cir. 1985) ("a procedure created by statute to govern [patent] litigation" is not "a property right subject to the protection of the Constitution.").

Nor can Petitioners articulate any reasonable reliance interest here. Petitioners had no basis to assume that any particular set of discretionary denial considerations previously applied by the agency would remain immutably fixed for all time. Any such assumption would be unreasonable given *Cuozzo*'s holding that institution decisions are committed to agency discretion by law. 579 U.S. at 273.

At bottom, Petitioners' argument depends on the premise that they were entitled to an institution decision applying certain discretionary considerations (and not applying others). But that premise is flawed. "[N]o petitioner has a right to … institution." *Mylan*, 989 F.3d at 1382. And no petitioner has a right to an institution

16

decision governed by any particular set of discretionary considerations. *Cuozzo*, 579 U.S. at 273.[5]

b. To the extent Petitioners mean to raise a standalone due process argument apart from their focus on retroactivity, that argument fails as well.

*First*, Petitioners have not established that they have the requisite interest to support a due process challenge. The Due Process Clause protects against deprivation "of life, liberty, or property, without due process of law." U.S. Const. amend. V. The threshold inquiry in a due process challenge is thus whether the plaintiff has been deprived of liberty or property in the first place. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999).

"To have a property interest in a benefit," one must "have a legitimate claim of entitlement to it," not just "a unilateral expectation." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.*; *see Bloch v. Powell*, 348 F.3d 1060, 1069 (D.C. Cir. 2003) ("[W]hen a statute leaves a benefit to the discretion of a government official, no protected property interest in that

---

[5] Petitioners' reference (at 7) to the purportedly "binding" nature of the 2022 Vidal Memo is also unavailing. The Vidal Memo bound the Board, but it did not purport to bind Vidal herself or any future Director. *See Apple*, 63 F.4th at 7.

benefit can arise.").[6]

Petitioners claim (at 13) that the "settled expectations" consideration "barred" these IPRs based on the ages of the patents. They argue that this purported "restriction" did not exist when the petitions were filed and that the "retroactive application" of the "settled expectations" consideration "flouts" due process. But granting IPR and articulating guidance about institution criteria are wholly discretionary matters. They thus cannot support an asserted property interest. "The Director is permitted, but never compelled, to institute an IPR. And no petitioner has a right to such institution." *Mylan*, 989 F.3d at 1382. Petitioners' due process claim thus fails at the outset: they cannot claim an unconstitutional deprivation of a right they never had in the first place.[7]

To the extent Petitioners' constitutional complaint is with the Director's application of the "settled expectations" consideration, *see* Pet. 11, 15–17, that

---

[6] Moreover, "[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam); *see also, e.g.*, *In re Miller*, 828 F. App'x 717, 718 (Fed. Cir. 2020); *In re Synthes (U.S.A.)*, 346 F. App'x 583, 584 (Fed. Cir. 2009). So Petitioners could not satisfy the mandamus standard even if they could somehow make out a protected property interest in an institution decision the agency never has to grant.

[7] For similar reasons, Petitioners' reliance (at 13, 18) on their IPR filing fees is misplaced. Petitioners knew when they filed their IPR petitions that they had no right to institution. Their voluntary decision to expend the filing fees anyway cannot transform institution into a constitutionally protected property interest.

argument likewise lacks merit. The statute does not require the Director to explain the decision whether to institute an IPR at all. On the contrary, "[n]othing in the unreviewability principle [of Section 314(d)] … turns on whether the Director has provided an explanation." *Apple*, 63 F.4th at 13. And "the Supreme Court has rejected the notion that 'if the agency gives a "reviewable" reason for otherwise unreviewable action, the action becomes reviewable.'" *Id.* (quoting *Interstate Com. Comm'n v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 283 (1987)). Petitioners have no property interest in having their petitions resolved pursuant to a certain articulation by the Director as to how, or even whether, the Board should factor in the age of a patent when conducting its holistic review of a petition.

The factual predicates to Petitioners' arguments are also incorrect. The Director Memo does not require the Director to deny a petition based on the age of a patent. It does not set forth any rule "that old patents [are] immune from challenge," Pet. 20, nor establish a "maximum-patent-age cap," Pet. 25, or an "'old-patent' exclusion," Pet. 31. The PTO has in fact granted institution of IPR on multiple "old" patents since the Director Memo issued. *See, e.g.*, *Nintendo Co. v. Resonant Sys., Inc.*, No. IPR2025-00680, Paper 18 (P.T.A.B. Aug. 14, 2025); *id.*, Paper 21 (P.T.A.B. Oct. 3, 2025); *Embody, Inc. v. LifeNet Health*, No. IPR2025-00248, Paper 13 (P.T.A.B. June 26, 2025); *id.*, Paper 14 (P.T.A.B. Aug. 5, 2025); *Anthony Inc. v. Controltec, LLC*, No. IPR2025-00559, Paper 12 (P.T.A.B. July 16,

19

2025); *id.*, Paper 13 (P.T.A.B. Aug. 25, 2025). The age of a patent is simply one of many considerations the Director weighs as part of his or her holistic determination whether to deny a petition for discretionary reasons. That is exactly the sort of holistic review that took place here. Appx2.

*Second*, even if Petitioners could show the existence of a constitutionally protected interest, they still could not make out a due process violation. "Once a property interest is shown, all due process requires is notice and an opportunity to be heard." *Alberico v. United States*, 783 F.2d 1024, 1027 (Fed. Cir. 1986) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Here, the Director Memo gave Petitioners notice about the applicable discretionary denial considerations, and Petitioners extensively briefed arguments based on those considerations. Indeed, Petitioners dedicated an entire section to why they believe "settled expectations" weighs against denial. Appx218–219; Appx241–243; Appx463–464; Appx486–488; Appx662–663; Appx688–690. Having heard Petitioners, the Acting Director denied institution.

In short, Petitioners are not in fact asking for an opportunity to be heard—they already received that. Instead, Petitioners want this Court to hold that the Acting Director should have exercised her discretion differently. But Petitioners have no entitlement—constitutional or otherwise—to that remedy. *See Mylan*, 989 F.3d at 1382; *Apple*, 63 F.4th at 13.

20

### III.  PETITIONERS CANNOT SATISFY THE REMAINING MANDAMUS FACTORS.

Even if Petitioners could surmount the "especially difficult" hurdle of showing a "clear and indisputable" right to relief, *Mylan*, 989 F.3d at 1382, they could not satisfy the remaining two mandamus factors: the absence of adequate alternative means to obtain the relief sought and a showing that the writ is appropriate under the circumstances. *See Cheney*, 542 U.S. at 380–81.

### A.    Petitioners have alternative means of relief.

The only harm Petitioners claim is the denial of one specific avenue for challenging patent claims—an avenue that did not exist until hundreds of years after the birth of patent rights. Given the nature of that asserted harm, Petitioners have adequate alternative means of relief: they remain "free to litigate" validity in district court. *Mylan*, 989 F.3d at 1383. Petitioners' one-sentence section on this issue (at 36) does not even address this long-standing alternative form of relief.[8]

### B.    Mandamus relief is inappropriate under the circumstances.

Nor can Petitioners show that mandamus relief is appropriate here. *See Cheney*, 542 U.S. at 381. As discussed above, (i) most of Petitioners' arguments

---

[8] The adequacy of this alternative means of relief is particularly evident given that a district court presented with a live controversy about invalidity must necessarily resolve that controversy. Not so for the Patent Office in an IPR, since the "[t]he Director is permitted, but never compelled, to institute an IPR." *Mylan*, 989 F.3d at 1382.

are barred by § 314(d); (ii) Petitioners identify no constitutionally protected interest; (iii) to the extent Petitioners had any constitutional interest at stake, Petitioners had notice and an opportunity to be heard after the Director Memo issued; and (iv) Petitioners may pursue their invalidity defenses in district court.

Petitioners' assertion (at 37) that this case "is a prime mandamus candidate" because "[i]t presents basic, undecided questions regarding the USPTO's authority" strains credulity. Both the Supreme Court and this Court have squarely answered the relevant question about the agency's authority in this realm: the Patent Office's "decision to deny a petition" is committed to agency discretion by law, *Cuozzo*, 579 U.S. at 273; the Director is "*never* compelled[] to institute an IPR"; and "no petitioner has a right to such institution," *Mylan*, 989 F.3d at 1382 (emphasis added). It necessarily follows that Petitioners had no right to institution governed by any particular set of considerations. *Apple*, 63 F.4th at 13.

Indeed, mandamus relief would be profoundly *inappropriate* in this case because it would interfere with the agency's prerogative to efficiently allocate its resources. This Court has analogized the PTO's determination not to institute IPR to other agencies' determinations "not to initiate enforcement proceedings." *Mylan*, 989 F.3d at 1382. Such decisions are "committed to agency discretion by law" because administrative agencies have limited resources and must therefore enjoy freedom to deploy those resources (or not) in a given case to ensure

22

"administrative efficiency." *Id.* (citing *Heckler v. Chaney*, 470 U.S. 821, 830–32 (1985)). These are exactly the sorts of considerations outlined in the Director Memo. *See* Appx63 (noting that the Memo "aim[s] to improve PTAB efficiency, maintain PTAB capacity to conduct AIA proceedings, reduce pendency in *ex parte* appeals, and promote consistent application of discretionary considerations in the institution of AIA proceedings," and further explaining that the Memo's processes "are temporary in nature due, in part to the current workload needs of the PTAB").

Petitioners suggest (at 38) that "[t]he agency's erratic conduct exceeds lawful bounds." But the proffered bases for this assertion (at 1–2, 37–38) amount to a list of complaints about why Petitioners believe the agency's current discretionary denial practice is bad policy. Meritorious or not, these policy arguments are directed to the wrong audience. Courts do not second-guess purely discretionary decisions of the executive branch, *see* 5 U.S.C. § 701(a)(2)— especially not in a procedural posture that requires the petitioner to show a clear and indisputable violation of a legal right to obtain relief. Petitioners plainly think the agency should be allocating its resources differently. But that judgment is the PTO's to make. And Petitioners' disagreement with it does not entitle them to mandamus.

## CONCLUSION

This Court should deny the petition for a writ of mandamus.

October 16, 2025

Respectfully submitted,

*/s/ William H. Milliken*

William H. Milliken
STERNE KESSLER GOLDSTEIN &
 FOX PLLC
1101 K Street, NW
Floor 10
Washington, DC 20005
(202) 371-2600

Robert F. Kramer
David L. Alberti
KRAMER ALBERTI LIM & TONKOVICH
 LLP
950 Tower Lane, Suite 1725
Foster City, CA 94404
(650) 825-4300

*Counsel for Respondent*
*Polaris PowerLED Technologies, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  2025-152

**Short Case Caption:**  In re: SanDisk Technologies, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  5,309  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 10/16/2025          Signature:  /s/ William H. Milliken

          Name:  William H. Milliken

Save for Filing