NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In Re SANDISK TECHNOLOGIES, INC., WESTERN DIGITAL TECHNOLOGIES, INC.,
*Petitioners*

2025-152

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2025-00515, IPR2025-00516, and IPR2025-00517.

**ON PETITION**

Before PROST, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Polaris PowerLED Technologies, LLC sued Western Digital Technologies, Inc. for infringement of three patents related to flash memory systems. Western Digital and Sandisk Technologies, Inc. (a former Western Digital subsidiary, now independent entity) petitioned for *inter partes* review ("IPR") of the patents. The United States Patent and Trademark Office ("PTO") declined to institute IPR, noting "the challenged patents have been in force for approximately nine, twelve, and twelve years, creating strong

settled expectations," and finding Petitioners had not "provide[d] any persuasive reasoning why [IPR] is an appropriate use of [Patent Trial and Appeal] Board resources." Appx2. Sandisk and Western Digital now seek a writ of mandamus to vacate and direct the PTO to reconsider the non-institution decisions.

A petitioner seeking mandamus relief must ordinarily satisfy three requirements: (1) a clear and indisputable right to relief; (2) a lack of adequate alternative means to obtain the relief sought; and (3) a showing that issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–281 (2004). Applying those requirements, we arrive at the same conclusion we reached today in *In re Cambridge Industries USA Inc.*, 2026-101 (Fed. Cir. Dec. 9, 2025). Here, as there, Petitioners raise challenges to certain factors considered by the PTO in denying institution of IPR. As with the petitioner in *Cambridge*, Petitioners here have failed to identify the kind of property rights or retroactivity concerns that might give rise to a colorable constitutional claim. And, for the same reasons provided in *Cambridge*, Petitioners' non-constitutional challenges to the PTO's consideration of "settled expectations" as a factor in declining to institute IPR do not establish a clear and indisputable right to relief. 2026-101, slip op. at 5–6 (citing *Cuozzo Speed Techs. v. Lee*, 579 U.S. 261, 274–75 (2016); *Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 58–59 (2020)).

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) All motions for leave to file briefs amici curiae are granted and the corresponding briefs are accepted for filing.

FOR THE COURT

December 9, 2025
　　Date

Jarrett B. Perlow
Clerk of Court